United States District Court
For the Northern District of California

**\*E-Filed 03/08/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CYNTHIA DIAZ,

        Plaintiff,

  v.

MING & KENT, INC., et al.,

        Defendants.
_____/

No. C 09-05774 RS

**ORDER DENYING MOTION TO DISMISS**

INTRODUCTION

    Defendants Ming & Keith, Inc. ("M&K") and Pearl Yu move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction. Plaintiff Cynthia Diaz alleges her employer, M&K, failed to compensate her for "overtime" hours worked in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA" or "the Act"), and various other California labor statutes. The defendants contend that Ms. Diaz's Complaint fails to raise a federal question because she, as an employee, was not engaged in "commerce" and M&K does not qualify as an "enterprise engaged in commerce" as defined by the FLSA. This matter is appropriate for resolution without oral argument, pursuant to Civil Local Rule 7-1(b). While the defendants' objection ultimately may be relevant to the merits, the Act's

definitional language does not circumscribe a district court's jurisdiction. The Complaint raises a federal question and this Court therefore has subject matter jurisdiction; the motion to dismiss must be denied.

## RELEVANT FACTS

M&K is a California corporation; Pearl Yu acts as its President. M&K operates Koong's, a Milpitas eatery that serves Chinese cuisine. M&K hired Ms. Diaz to wash dishes and perform occasional cleaning in the restaurant. In December of 2009, Diaz filed a Complaint alleging six counts, five of which arise under California law. In her second count, Diaz contends defendants failed to pay her for overtime hours worked, in violation of section 607(a) of the FLSA. 29 U.S.C. § 207(a) (1995). She seeks damages, penalties and attorney's fees pursuant to the Act's section 216. 29 U.S.C. § 216 (1996).

## DISCUSSION

A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the asserted claims. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A district court accepts all allegations of fact in the complaint as true and construes them in the light most favorable to the plaintiff. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). Finally, as Ms. Diaz seeks to invoke the Court's jurisdiction, she bears the burden of establishing its subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

B. Matter of Jurisdiction

Section 207 of the FLSA provides that no employer "shall employ any of his employees who in a workweek is engaged in commerce . . . or is employed in an enterprise engaged in commerce . . . for a workweek longer than forty hours unless such employee receives compensation" for hours worked beyond the forty hour floor "at a rate not less than one and one-half times" the rate at which he or she is regularly employed. 29 U.S.C. § 207(a)(1). The Act's jurisdictional provision

No. C 09-05774
ORDER DENYING MOTION TO DISMISS

empowers "any Federal or State court of competent jurisdiction" to hear an employee's claim for relief. 29 U.S.C. § 216(b). The Judicial Code also vests federal courts with subject matter jurisdiction over all colorable civil claims "arising under" the laws of the United States. 29 U.S.C. § 1331 (1980); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006). A claim is not colorable if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). The FLSA is a law of the United States and the defendants present no evidence that Ms. Diaz's claim is patently immaterial, insubstantial or frivolous.

In its definitions section, the FLSA clarifies that commerce "means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b) (1996). It further defines "enterprise engaged in commerce" as an entity whose employees are "engaged in commerce or in the production of goods for commerce" or who "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." § 203(s)(1)(A)(i). Next, an "enterprise engaged in commerce" is one whose "annual gross volume of sales made or business done is not less than $500,000."[1] 29 U.S.C. § 203(s)(1)(A)(ii). Defendants deny that Ms. Diaz or any Koon's employee was engaged in commerce within the meaning of the Act and aver that the restaurant grosses less than the $500,000 annual threshold. They argue these facts strip this Court of subject matter jurisdiction.

Defendants' err insofar as they mistake a "substantive ingredient" of a meritorious FLSA claim for a jurisdictional one. *Arbaugh*, 456 U.S. at 503 (distinguishing "two sometimes confused or conflated concepts: subject-matter jurisdiction over a controversy; and the essential ingredients of a federal claim for relief"). The Supreme Court has acknowledged that "[o]n the subject-matter jurisdiction / ingredient-of-the-claim-for-relief dichotomy, this Court and others have been less than

---

[1] *See, e.g.*, *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 695 (3d Cir. 1994) ("Congress made ample provision . . . to insure the original intent of the sponsors of the act to exclude the small local retail merchants such as the corner grocer, neighborhood drugstore, barbershop or beauty parlor would be carried out.").

No. C 09-05774
ORDER DENYING MOTION TO DISMISS

meticulous." *Id.* at 511. Specifically, courts have sometimes conflated subject matter jurisdiction in federal question cases with a "plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief." *Id.* The latter is a merits-related determination. *Id.* The Court clarified in *Arbaugh* that unless Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," courts must not assume it is. *Id.* at 515-16.

In *Arbaugh*, the plaintiff brought a sex discrimination action against her employer under Title VII of the Civil Rights Act of 1964. 546 U.S. at 507-08. After the award of an unfavorable verdict at trial, the employer argued for the first time that the district court lacked subject matter jurisdiction. *Id.* Title VII makes it unlawful for an employer to discriminate on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). The relevant section defines "employer" as an entity with fifteen or more employees. § 2000e(b). While *Arbaugh* acknowledged the numerosity requirement's relevance to the *merits* of the plaintiff's Title VII claim, it held that the limitation was *not* jurisdictional. 546 U.S. at 516.

As a prerequisite to its application, the FLSA requires at least one of the following factual scenarios: the subject employee was engaged in commerce or worked for an enterprise who grosses more than $500,000 annually *and* whose employees are engaged in commerce. Like the numerosity requirement reviewed in *Arbaugh*, the limitations here are definitional and appear in a section that "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Arbaugh*, 546 U.S. at 515 (*quoting Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)). As *Arbaugh* instructed, Congress is capable of crafting clear jurisdictional requirements. *See, e.g.*, 28 U.S.C. § 1332 (2005) (imposing amount-in-controversy requirement as an ingredient of diversity-of-citizenship subject matter jurisdiction). By contrast, there is no indication that Congress intended for the "employee" or "enterprise" engaged in commerce provisions to be jurisdictional. Thus, even if defendants' averments that Koon's has never grossed more than $500,000 annually and its employees are not engaged in commerce within the statutory meaning are true, they do not strip this court of subject matter jurisdiction. *See, e.g.*, *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) (finding that FLSA's $500,000 gross receipt threshold was not a

No. C 09-05774
ORDER DENYING MOTION TO DISMISS

4

1  jurisdictional requirement); *Fernandez v. Centerplate/NBSE, Inc.*, 441 F.3d 1006, 1009 (D.C. Cir.
2  2006) (holding employee's failure to prove element under the Fair Labor Standards Act did not
3  require dismissal for lack of subject matter jurisdiction).  The plaintiff's motion to dismiss under
4  Rule 12(b)(1) must therefore be denied.  Accordingly, the hearing scheduled for March 11, 2010 is
5  vacated.

8      IT IS SO ORDERED.

10  Dated: 03/08/2010

                            RICHARD SEEBORG
                            UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California